# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM S32478

————————————

### UNITED STATES
*Appellee*

**v.**

### Anthony T. MORGAN
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 January 2019

————————————

*Military Judge:* Mark F. Rosenow (arraignment), Vance H. Spath.

*Approved sentence:* Bad-conduct discharge, confinement for 7 months, forfeiture of $1,066.00 pay per month for 9 months, and reduction to E-1. Sentence adjudged 28 June 2017 by SpCM convened at Luke Air Force Base, Arizona.

*For Appellant:* Major Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Captain Michael T. Bunnell, USAF; Mary Ellen Payne, Esquire.

Before HUYGEN, MINK, and POSCH, *Appellate Military Judges.*

Judge POSCH delivered the opinion of the court, in which Senior Judge HUYGEN and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

POSCH, Judge:

In accordance with Appellant's pleas pursuant to a pretrial agreement (PTA), a special court-martial composed of a military judge found Appellant

guilty of patronizing a prostitute and communicating indecent language, both in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The military judge sentenced Appellant to a bad-conduct discharge, confinement for seven months, forfeiture of $1,066.00 pay per month for nine months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence, which did not exceed the limitations in the PTA.

Appellant raises two issues on appeal. First, Appellant avers that the military judge abused his discretion by accepting Appellant's plea of guilty to communicating indecent language because the facts do not establish that Appellant's language was indecent as a matter of law.[1] Second, Appellant asserts that this court has jurisdiction under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to order a remedy for pay he has been improperly denied.

We also reviewed the failure of the staff judge advocate (SJA) to correct an error in Appellant's clemency submission. On 2 November 2018, we ordered the Government to show good cause why new post-trial processing and convening authority action were not required consistent with the decision of the United States Court of Appeals for the Armed Forces in *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016) (mem.). As a result of that review, we order new post-trial processing and thus do not now address the assignments of error.

## I. BACKGROUND

Following Appellant's conviction and sentence, the SJA prepared a recommendation for the convening authority (SJAR). In it, the SJA advised, "Pursuant to Article 60, UCMJ, due to the sentence adjudged at trial, you only have the authority to approve the finding of guilt in this case." Noting that the adjudged sentence did not exceed the limitations in the PTA, the SJA further advised the "sentence adjudged is appropriate" and recommended the convening authority "approve the sentence as adjudged."

Appellant asked the convening authority for clemency "by reducing [his] sentence [to confinement] by two weeks." Appellant's trial defense counsel also submitted a memorandum to the convening authority stating Appellant had already been rehabilitated and "more time in confinement will not further rehabilitate." Trial defense counsel echoed Appellant's request for a reduction in the length of Appellant's sentence to confinement and cited Article 60, UCMJ, 10 U.S.C. § 860, as the legal authority to do so:

---

[1] Appellant personally asserts this issue. *See United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

Article 60, U.C.M.J., allows you, as the convening authority, the power to approve, disapprove, commute, or suspend the sentence of a court-martial in whole or in part. [Appellant] respectfully requests that you use the power given to you and shorten his confinement sentence. You can do this by only approving a portion of the confinement sentence that is less than the adjudged 7 months.

The addendum to the SJAR states that the SJA had "reviewed the . . . clemency matters submitted by the defense." The SJA further advised that "Rule for Courts-Martial 1107(b)(3)(A)(iii) provides that you must consider [Appellant's clemency] matters before taking final action." The SJA noted the defense "does not allege any legal error" and maintained, "I recommend that you approve the findings and sentence as adjudged."

The convening authority approved the findings and sentence as adjudged.

## II. DISCUSSION

Four errors occurred in the post-trial processing of Appellant's case:

● Although the SJAR correctly advises the convening authority "you only have the authority to approve the finding of guilt in this case," the SJAR fails to advise the convening authority on his power to affect the adjudged sentence. Specifically, the SJAR fails to inform the convening authority that he could not disapprove the bad-conduct discharge or seven-month confinement but he could disapprove, commute, or suspend, in whole or in part, the adjudged forfeiture of pay and reduction to the grade of E-1. *See* Article 60(c)(4), UCMJ, 10 U.S.C. § 860(c)(4).

● Appellant asks the convening authority for clemency only "by reducing [his] sentence [to confinement] by two weeks," which the convening authority had no legal authority to do.

● Trial defense counsel's post-trial submission also asks the convening authority to "shorten" the adjudged seven months of confinement and incorrectly cites Article 60, UCMJ, as giving the convening authority the power to "approve, disapprove, commute, or suspend the sentence of a court-martial in whole or in part."

● The addendum to the SJAR makes no mention of the omission from the SJAR, the problem in Appellant's clemency submission, or the misstatement of the law in trial defense counsel's post-trial submission on behalf of Appellant.

The proper completion of post-trial processing is a question of law the court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000) (citing

*United States v. Powell*, 49 M.J. 460, 462 (C.A.A.F. 1998)). Failure to comment in a timely manner on matters in the SJAR or matters attached to the SJAR "waives in the absence of plain error, or forfeits, any later claim of error." *United States v. Zegarrundo*, 77 M.J. 612, 614 (A.F. Ct. Crim. App. 2018); *see also* R.C.M. 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). Analyzing for plain error, we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). "To meet this burden in the context of a post-trial recommendation error . . . an appellant must make 'some colorable showing of possible prejudice.'" *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). "The threshold is low, but there must be some colorable showing of possible prejudice . . . in terms of how the [error] potentially affected an appellant's opportunity for clemency." *Id.* at 437.

There is no doubt Appellant waived a claim of error in the post-trial processing of his case when he failed to comment on the content of the SJAR in a timely manner or at all. Continuing the analysis set out in *Scalo*, we find plain error in the post-trial processing of Appellant's case. The SJA failed to inform the convening authority that he could only approve the bad-conduct discharge and seven months of confinement but that he could approve, disapprove, commute, or suspend the forfeiture of pay and reduction to the grade of E-1. The trial defense counsel then asserted that the convening authority had the authority to approve, disapprove, commute, or suspend any or all of the adjudged sentence. The counsel's citation to Article 60, UCMJ, was a misstatement of the law. Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A), explicitly states that unless an exception applies the convening authority "may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a . . . bad conduct discharge."[2] Appellant's adjudged sentence included both. While the convening authority could have disapproved a sentence of more than six months of confinement "pursuant to the terms of [a] pretrial agreement," *id.* at § 860(c)(4)(C); *see also* R.C.M. 1107(d)(1)(C)(ii), the PTA in Appellant's case specified, among other things, that the convening authority would approve no more than seven months of confinement if a bad-conduct discharge was adjudged. Thus, trial defense coun-

---

[2] The National Defense Authorization Act for Fiscal Year 2014 modified Article 60, UCMJ, and changed the convening authority's ability to affect findings of guilt for offenses committed on or after the effective date of the change, 24 June 2014. Pub. L. No. 113–66, § 1702, 127 Stat. 672, 954–58 (2013). Appellant was convicted of offenses committed after 24 June 2014, and thus the convening authority in Appellant's case only had the authority to approve the findings of guilt.

sel's assertion that Article 60, UCMJ, allowed the convening authority to disapprove some confinement beyond the seven months specified in the PTA was a misstatement of the law. The problem was further exacerbated by the fact that the only form of clemency requested by Appellant and his counsel was a reduction in confinement, which the convening authority could not grant.

In *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016) (mem.), the appellant was entitled to new post-trial processing because the addendum to the SJAR failed to correct an error in the appellant's clemency submission. Here, the SJA was obligated to note trial defense counsel's error in the SJAR addendum and correct it. The SJA did not do so. Instead, the addendum merely repeated the SJAR's recommendation that the convening authority "approve the findings and sentence as adjudged." Thus, the convening authority was left with one statement of the law, which was the trial defense counsel's misstatement of the power of the convening authority under Article 60, UCMJ.

In response to our show cause order, the Government tries to differentiate *Addison* and *Zegarrundo*[3] by arguing that here "the convening authority was wrongly informed by Appellant that he had *more* authority" than he actually did have, "and Appellant requested relief that the convening authority had *no power to provide.*" We conclude this is a distinction without meaningful difference. In those cases and Appellant's, the convening authority took action lacking accurate and complete information about his options to grant clemency. Thus the convening authority may have taken action more favorable to Appellant if he had been properly advised.

We find a colorable showing of possible prejudice because the SJA misadvised the convening authority, Appellant's trial defense counsel misapplied Article 60, UCMJ, and R.C.M. 1107, Appellant petitioned for a single form of clemency that the convening authority had no legal authority to grant, and because the addendum to the SJAR corrected none of the errors in the SJAR or Appellant's clemency submission. As a result, we find there was error, it was plain, and the error materially prejudiced the substantial right of Appellant

---

[3] In *United States v. Zegarrundo*, 77 M.J. 612 (A.F. Ct. Crim. App. 2018), we noted:

> The combination of trial defense counsel's erroneous statement that the [convening authority] could not disapprove confinement; the corresponding clemency request for disapproval of the reduction in rank and forfeiture of pay instead of confinement; and the SJA's failure to correct the Defense's erroneous statement resulted in plain error and constitutes a colorable showing of possible prejudice . . . .

*Id.* at 614.

for the convening authority to consider the matters submitted by Appellant, specifically, his request for clemency.

### III. CONCLUSION

The action of the convening authority is **SET ASIDE**. The record of trial is returned to The Judge Advocate General for remand to the convening authority for new post-trial processing and conflict-free trial defense counsel consistent with this opinion. Article 66(e), UCMJ, 10 U.S.C. § 866(e). Thereafter, the record of trial will be returned to this court for completion of appellate review under Article 66, UCMJ.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court